"artificial fruits" or "artificial flowers," as classified, but that the merchandise in question was properly classifiable at the applicable rate under paragraph 397 of the said act as articles or wares in chief value of base metal.

On the agreed facts and in accordance with the holding of our appellate court in the *Marshall Field* case, *supra*, we are of opinion and hold that the articles involved in the case at bar are properly dutiable as articles in chief value of base metal at the following applicable rates of duty: The merchandise covered by protests 262404–K, 58/22979, 262392–K, and 321077–K at 22½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802; and the merchandise covered by protest 326012–K at 21 per centum ad valorem under paragraph 397 of the act, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108. To the extent indicated, the protests are sustained. In all other respects and as to all other merchandise, all the claims are overruled.

Judgment will issue accordingly.

No. 63325.—Naumes Forwarding Service v. United States, protests 298966–K/8407, 300250–K/8617, and 309893–K/8844 (Chicago).

Opinion by WILSON, J. In accordance with oral stipulation of counsel that the merchandise consists of fried herring similar in all material respects to that the subject of *Richter Bros., Inc.* v. *United States* (44 C.C.P.A. 128, C.A.D. 649), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, SEPTEMBER 11, 1959

No. 63326.—Park & Tilford Import Corp. v. United States, protests 719766–G, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63327.—Park & Tilford Import Corp. v. United States, protests 25151–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63328.—Park & Tilford Import Corp. *v.* United States, protests 95318–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co. Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63329.—Park & Tilford Import Corp. *v.* United States, protests 107153–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co. Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63330.—Park & Tilford Import Corp. *v.* United States, protests 110195–K, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63331.—Ron Virgin Company, Ltd., et al. *v.* United States, protests 282073–K, etc. (Boston).